IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CR-57-D
No. 4:16-CV-126-D

| | |
|---|---|
| ELIJAH SILVER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. ) | **ORDER** |

On December 4, 2006, pursuant to a written plea agreement, Elijah Silver ("Silver") pleaded guilty to distribution of more than five grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). See [D.E. 16, 17]. On June 5, 2007, the court held Silver's sentencing hearing. See [D.E. 26]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Silver's total offense level to be 31, his criminal history category to be VI, and his advisory guideline range to be 188 to 235 months' imprisonment. See [D.E. 83] 1. After granting the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Silver to 138 months' imprisonment and five years' supervised release. See [D.E. 27]. Silver did not appeal his conviction or sentence.

On February 17, 2009, Silver moved for sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 706 [D.E. 29]. On May 15, 2009, the court denied Silver's motion for a sentence reduction [D.E. 31], and on October 8, 2009, the Fourth Circuit affirmed. See [D.E. 37]. On December 12, 2012, Silver again moved for a sentence reduction under 18 U.S.C. §

3582(c)(2) and U.S.S.G. § 1B1.10(c) [D.E. 40]. On June 25, 2013, the court denied Silver's second motion for a sentence reduction [D.E. 45]. Silver appealed, but the Fourth Circuit dismissed his appeal for failure to prosecute [D.E. 49, 50].

On June 21, 2016, Silver filed a motion to vacate his sentence under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 56]. On April 20, 2017, the United States moved to dismiss Silver's section 2255 motion [D.E. 80] and filed a memorandum in support [D.E. 81].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a pleading's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a pleading's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Silver cannot use Johnson retroactively to challenge his advisory guideline range, including his designation as a career offender. See, e.g., Beckles v. United States, 137 S. Ct. 886, 895–97 (2017); United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). Thus, Johnson provides no relief. In light of this conclusion, the court need not address the timeliness of Silver's motion or the appellate waiver in Silver's plea agreement.

After reviewing the claim presented in Silver's motion, the court finds that reasonable jurists would not find the court's treatment of Silver's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court GRANTS the government's motion to dismiss [D.E. 80], DISMISSES Silver's section 2255 motion [D.E. 56], and DENIES a certificate of appealability.

SO ORDERED. This 6 day of July 2017.

JAMES C. DEVER III
Chief United States District Judge